IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

---

**LORI A. MCKENZIE**                                          **PLAINTIFF**


vs.                              No. 4:11-CV-713 SWW


**HARVEST CREDIT MANAGEMENT VII, LLC;**          **DEFENDANTS**
**JOHN WILLIAM CROW;**
**and HOSTO & BUCHAN, PLLC**

---

## FIRST AMENDED AND SUBSTITUTED COMPLAINT

COMES NOW Plaintiff Lori A. McKenzie (hereinafter referred to as "McKenzie")

by and through her attorneys Josh Sanford and Cheslee Mahan of Sanford Law Firm,

PLLC, and for her First Amended and Substituted Complaint against Defendant Harvest

Credit Management VII, LLC (hereinafter individually referred to as "Harvest"), Defendant

John William Crow (hereinafter individually referred to as "Crow"), and Defendant Hosto

& Buchan, PLLC, (hereinafter individually referred to as "Hosto") (and all parties adverse

to Lori A. McKenzie collectively referred to hereinafter as the "Defendants"), does hereby

state and allege as follows:

## TABLE OF CONTENTS

I.    Parties, Jurisdiction, and Venue ................................................................4

II.   Statement of Facts .....................................................................................6

III.  Violations of the Fair Debt Collection Practices Act.................................10

      A.    FDCPA Count 1:  Filing and Pursuing Lawsuits with an Improper
            Summons By Crow, Hosto, and Harvest ……………………..……….11

      B.    FDCPA Count 2:  Filing and Pursuing Lawsuits in a Foreign
            Corporation Party's Name that Does Not have a Certificate of
            Authority By Crow, Hosto, and Harvest ........................................13

      C.    FDCPA Count 3: Filing and Pursuing A Second Lawsuit Regarding
            the Same Alleged Debt with the Same Parties by Crow, Hosto, and
            Harvest ........................................................................................15

      D.    FDCPA Count 4:  Arbitrarily Asserted Claim Value by Crow, Hosto,
            and Harvest……………………………………………………………….17

IV.   Abuse of Process………………………………………………………….19

      A.    Abuse of Process Count 1:  Filing and Pursuing Lawsuits
            with an Improper Summons By Harvest…………………………….19

      B.    Abuse of Process Count 2:  Filing and Pursuing a Complaint
            in an Improper County By Harvest…………………………………….21

      C.    Abuse of Process Count 3:  Arbitrarily Asserted Claim Value by
            Harvest……………………………………………………………..…….23

V.    Arkansas Deceptive Trade Practices Act Violations………...…………….25

      A.    Violation of the ADTPA Count 1:  Filing and Pursuing Lawsuits
            with an Improper Summons By Harvest…………………………….25

      B.    Violation of the ADTPA Count 2:  Filing and Pursuing a Lawsuit

in a Foreign Corporation Party's Name that Does Not have a
Certificate of Authority ……………………………………..26

C.      Violation of the ADTPA Count 3:  Filing and Pursuing a Second
Lawsuit Regarding the Same Alleged Debt with the Same
Parties by Harvest……………………………………… 27

D.      Violation of the ADTPA Count 5:   Arbitrarily Asserted Claim
Value by Harvest…………………………………..………28

VI.     Civil Conspiracy…………………………………………………29

VII.    Punitive Damages…………………………………………….....30

VIII.   Jury Demand…………………………………………………...31

I.

PARTIES, JURISDICTION AND VENUE

1.      Plaintiff has not yet obtained service on any Defendant herein; no Defendant herein has filed an answer or other responsive pleading.

2.      Plaintiff has the right pursuant to Rule 15 of the FRCP to amend the Original Complaint filed herein without leave of Court.

3.      The purpose of this First Amended and Substituted Complaint is to 1) alter the Original Complaint that erroneously brought certain causes of action against Crow and Hosto and now only brings causes of action against those parties under the Fair Debt Collection Practices Act; 2) alters the Original Complaint filed by no longer bringing causes of action under the Fair Debt Collection Practices Act for filing and pursuing a complaint in an improper county or for an inadequate complaint; 3) alters the Original Complaint filed by no longer bringing causes of action under Abuse of Process for filing and pursuing lawsuits in a foreign corporation party's name that does not have a certificate of authority, filing and pursing a second lawsuit regarding the same alleged debt with the same parties, or for an inadequate complaint; 4) alters the Original Complaint filed by no longer bringing causes of action under the Arkansas Deceptive Trade Practices Act for an Inadequate Complaint.

4.      This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and/or unfair practices, as well as claims for abuse of process, violations of the

Arkansas Deceptive Trade Practices Act and civil conspiracy.

5.      McKenzie is a consumer and a resident of Strawberry, Sharp County, Arkansas, and is protected under 15 U.S.C. § 1692, *et seq,* as well as by the common and statutory laws of the State of Arkansas including all causes of action plead herein.

6.      Harvest is a foreign corporation and is not registered to do business in the State of Arkansas.

7.      Crow is an individual and resident of Pulaski County, Arkansas; Crow holds a valid Arkansas law license; and he is an attorney at Hosto.

8.      Hosto is an Arkansas law firm and professional association which provides legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in Little Rock, Pulaski County, Arkansas, and a registered agent of Bryan Hosto with an address of 701 W 7th St., Little Rock, AR 72201.

9.      Hosto also conducts the business of a debt collector and at times the actions taken by them are either not those of attorneys or they are actions consisting of the blended duties of debt collectors and attorneys.

10.     Crow is an attorney employed by Hosto.

11.     Harvest operates primarily to purchase and/or collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12.     Persons and corporations represented by Hosto operate primarily to collect debts, and do so using the United States Postal Service, as well as the telephone, and

regularly attempt to collect debts alleged to be due to another and therefore are and have been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

13.    Persons and corporations represented by Crow operate primarily to collect debts, and do so using the United States Postal Service, as well as the telephone, and regularly attempt to collect debts alleged to be due to another and therefore are and have been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14.    Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1337, in order to secure the relief authorized by the FDCPA, 15 U.S.C. §1692, *et seq*. Section 1692k(d) provides that jurisdiction lies in the Courts of the United States at the discretion of the aggrieved party.

15.    Moreover, the Eastern District of Arkansas has concurrent jurisdiction over all other claims herein based on all the underlying causes of action, including violations of the Arkansas Deceptive Trade Practices Act.

16.    Venue in this Court is further proper in that Defendants have brought an action to collect an alleged debt in an inferior state court located in this judicial district, and two of the three Defendants are located in Pulaski County.

II.

## STATEMENT OF FACTS

17.    On or about May 13, 2011, Hosto, by attorney Crow, caused to be filed a summons and complaint (hereinafter referred to as the "*Summons*" and "*Complaint*")

against McKenzie on behalf of Harvest, who was collecting a debt which was allegedly assigned to Harvest by, or purchased by Harvest from "Bank of America." A true and correct copy of the *Summons* and *Complaint* is attached hereto as Exhibit "A" and incorporated by reference as if set forth word for word herein.

18.     As detailed below, the lawsuit filed on May 13, 2011, (hereinafter referred to as the "underlying lawsuit"), was procedurally deficient in significant ways.

19.     The underlying lawsuit was filed in Lawrence County, Arkansas.

20.     Purported service was had on McKenzie by certified mail at her post office box.

21.     The *Summons* did not list the correct zip code for the address of the Clerk of the Court of Lawrence County, particularly it stated an incorrect zip code, in violation of Rule 4 of the Arkansas Rules of Civil Procedure.

22.     The *Summons* also listed an incorrect number of days to Answer after service of the *Summons*, particularly it stated Defendant (McKenzie) only had only 20 days to file an answer when in fact she had 30 days, as permitted by Rule 4 of the Arkansas Rules of Civil Procedure.

23.     The *Complaint* was inadequate in its allegations that McKenzie owed a debt to Harvest as a result of an assignment, which was not properly pled as required by Ark. Code Ann. § 16-45-104 and/or Rule 10(d).

24.     There is nothing in the *Complaint* that indicates that Harvest is a proper Plaintiff as to the debt described in the underlying lawsuit.

25.     Further, in the underlying lawsuit venue was not proper.  McKenzie is and

was at the time of service of the lawsuit a resident of Sharp County, and the suit was brought in Lawrence County.

26.     The correct venue for the underlying lawsuit was in Sharp County.  By filing the suit in an incorrect venue, McKenzie has been greatly inconvenienced.

27.     Further, McKenzie works in Lawrence County.  Defendants' decision to file underlying lawsuit in the incorrect county—where McKenzie works and is a public or semi-public figure but does not live—is oppressive.

28.     Harvest is now and was at all relevant times hereto "a foreign corporation transacting business in this state without a certificate of authority" within the meaning of Ark. Code Ann. § 4-27-1502(a).

29.     Defendants knew or with the exercise of reasonable diligence would and should have known about the legal status of Harvest.

30.     Defendants pursued prosecution of the case against McKenzie at all times knowing, or in such a position as they should be charged with the knowledge, that the suit against McKenzie was not lawfully tenable.

31.     In addition to the fundamental procedural defects in the initiation of the underlying lawsuit stated above, there is an open case regarding the same alleged debt with both McKenzie and Harvest as parties.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "B" and incorporated by reference as if set forth word for word herein.

32.     Both cases identified in the previous paragraphs were for the same alleged debt as evidence by both *Complaints.*  See Exhibits A and B.

33.    The attachments to both Complaints show that it is regarding the same alleged debt, particularly by noting the same account number, last payment, and charge off date.  See Exhibits A and B.

34.    It is a violation of Rule 12(b)(7) for Defendants to bring a second suit while the first suit remains open.

35.    The attachments to the Complaints titled "Harvest Credit MGMT VII" show that the last payment for the alleged debt in both cases was September 26, 2007.

36.    Yet the Complaints filed state different balances, one of $12,611.31 and one of $12,436.27, due prior to interest after applying all payments, credits, or other offsets.  See Exhibits A and B.

37.    Even though after applying all credits and payments regarding the same alleged debt and no payment being made since allegedly September 26, 2007, in the second suit McKenzie was sued for increased amount than with the first suit.    See Exhibits A and B.

38.    Given the extensive procedural defects set forth above, including failure to obtain valid service on McKenzie, the filing of the underlying inadequate lawsuit in an improper venue, and pendency of another action between the same parties arising out of the same alleged transaction by a party that is not registered in the State of Arkansas, the underlying lawsuit at issue herein is improper as is more fully set forth below.

39.    Serving the underlying lawsuit without a proper summons is a violation of Arkansas procedural law; the procedure protects the due process rights of McKenzie that are guaranteed by the United States Constitution and the Arkansas Constitution as

codified by Rule 4 of the Arkansas Rules of Civil Procedure.

40.   In the underlying lawsuit, the service of process was inadequate and/or unlawful as the *Summons* did not provide the proper or correct address for the Clerk of the Court nor the correct number of days to respond after served with the *Summons*, in violation of Rule 4 of the Arkansas Rules of Civil Procedure.

41.   On September 19, 2011, McKenzie filed a Motion to Dismiss to have the underlying lawsuit dismissed.   A true and correct copy of the Motion to Dismiss is attached hereto as Exhibit "C" and incorporated by reference as if set forth word for word herein.

42.   McKenzie has suffered emotional distress, embarrassment, and mental anguish as a result of having to defend against the two proceedings which were instituted and perpetuated by the Defendants regarding the same debt.

43.   McKenzie was required to hire an attorney in defense of both lawsuits, and in so doing she obligated herself to the pay the reasonable fees charged by her attorney.

44.   At a minimum, McKenzie has been damaged in the sum of $2,695.00, plus the cost of filing this lawsuit, which was $350.00, plus any costs of service of this lawsuit.

III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

45.   McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

46.   Pursuant to 15 U.S.C. § 1692, *et seq*, a debt collector may not utilize impermissible means to collect debts.

47.     The provisions of 15 U.S.C. § 1692, *et seq*, are also applicable to attorneys for debt collectors, therefore Hosto and Crow are subject to the provisions of 15 U.S.C. § 1692, *et seq*.

48.     Impermissible debt collection practices include "harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or unconscionable collection methods." *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001) (citing 15 U.S.C. § 1692 d-f).

49.     Unfair or unconscionable collection methods include violations of substantive and procedural state laws which are designed to protect McKenzie.

50.     The actions of Hosto, Crow, and Harvest violate the FDCPA based upon each and every claim and fact set forth herein.

51.     Specifically and additionally, the commission of the torts described herein below are also each separate violations of the FDCPA.

52.     Particular counts of violations of the Fair Debt Collection Practice Act (FDCPA) are set out below.

A.

FDCPA COUNT 1:
FILING AND PURSUING LAWSUITS WITH AN
IMPROPER SUMMONS BY CROW, HOSTO, AND HARVEST

53.     McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

54.     As stated herein above, in the underlying case, the service of process was inadequate and/or unlawful as the *Summons* did not provide the proper or correct

address for the Clerk of the Court nor the correct days allowed for response to the *Summons* and *Complaint*.

55.     Serving the lawsuit without a proper summons is a violation of Arkansas procedural law; the procedure protects the due process rights of McKenzie that are guaranteed by the United States Constitution and the Arkansas Constitution as codified by Rule 4 of the Arkansas Rules of Civil Procedure.

56.     Hosto, Crow, and Harvest knew, or should have known based upon facts readily ascertainable to them, that such the *Summons* was improper with such an inadequate address and incorrect number of days to respond and/or answer; therefore their actions in filing and serving the action violate the FDCPA.

57.     Pursuant to Rule 11 of the Arkansas Rules of Civil Procedure, by signing and submitting to the Court various pleadings, motions, and other papers, Hosto warranted to the Court that it had read the pleading, motion, or other paper, and that to the best of its knowledge, information, and belief formed after reasonable inquiry it was well grounded in fact.  In addition, Hosto and Crow also warranted to the Court that the pleading, motion, or other paper was not interposed for any improper purpose.

58.     The two warranties above are misrepresentations which violate the FDCPA.

59.     Filing the *Summons* laden with such inadequacies, and attempting to serve it in violation of Arkansas law, constitutes impermissible debt collection practices and therefore violates the FDCPA as many times as there are inadequacies.

60.     The actions described above have caused damage to McKenzie in the form of mental anguish and distress as well as other non-economic damages.

61.     Damage to McKenzie includes attorney's fees and Court costs in both this action and in the underlying actions which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by McKenzie, all of which resulted from the actions and statements of the Hosto, Crow, and Harvest.

62.     The FDCPA explicitly authorizes actions against attorneys for violations of its provisions and to that extent federal law fully and completely preempts the Arkansas laws which might otherwise shield Hosto and Crow from liability to McKenzie.

63.     Because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

B.
FDCPA COUNT 2:
FILING AND PURSUING LAWSUITS IN A FOREIGN CORPORATION PARTY'S NAME
THAT DOES NOT HAVE A CERTIFICATEOF AUTHORITY
BY CROW, HOSTO, AND HARVEST

64.     McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

65.     As stated herein above, in both the underlying cases, the lawsuits were filed by "Harvest" against McKenzie.

66.     Harvest is not registered with the Arkansas Secretary of State.

67.     Harvest, is now and was at all relevant times hereto "a foreign corporation transacting business in this state without a certificate of authority" within the meaning of

Ark. Code Ann. § 4-27-1502(a).

68.    Defendants knew or with the exercise of reasonable diligence would and should have known about the legal status of Harvest.

69.    Defendants pursued prosecution of the cases against McKenzie at all times knowing, or in such a position as they should be charged with the knowledge, that the suit against her was not lawfully tenable.

70.    Hosto, Crow, and Harvest knew, or should have known based upon facts readily ascertainable to them, that initiating lawsuits by a foreign corporation transacting business in this state without a certificate of authority were improper; therefore their actions in filing and pursuing the both lawsuits violate the FDCPA.

71.    Pursuant to Rule 11 of the Arkansas Rules of Civil Procedure, by signing and submitting to the Court various pleadings, motions, and other papers, Hosto warranted to the Court that it had read the pleading, motion, or other paper, and that to the best of its knowledge, information, and belief formed after reasonable inquiry it was well grounded in fact.  In addition, Hosto and Crow also warranted to the Court that the pleading, motion, or other paper was not interposed for any improper purpose.

72.    The two warranties above are misrepresentations which violate the FDCPA.

73.    Initiating the underlying lawsuits by a foreign corporation transacting business in this state without a certificate of authority was improper and is in violation of Arkansas law and constitutes impermissible debt collection practices and therefore violates the FDCPA as many times as there are inadequacies.

74.     The actions described above have caused damage to McKenzie in the form of mental anguish and distress as well as other non-economic damages.

75.     Damage to McKenzie includes attorney's fees and Court costs in both this action and in the underlying action which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by McKenzie, all of which resulted from the actions and statements of the Hosto, Crow, and Harvest.

76.     The FDCPA explicitly authorizes actions against attorneys for violations of its provisions and to that extent federal law fully and completely preempts the Arkansas laws which might otherwise shield Hosto and Crow from liability to McKenzie.

77.     Because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

C.
FDCPA: COUNT 3:
FILING AND PURSUING A SECOND LAWSUIT REGARDING THE SAME ALLEGED
DEBT WITH THE SAME PARTIES BY CROW, HOSTO, AND HARVEST

78.     McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

79.     As stated herein above, there are two lawsuits regarding the same alleged debt with both McKenzie and Harvest as parties.

80.     When Plaintiff filed the second lawsuit, case number CV-2011-60, there was an open case regarding the same alleged debt with both McKenzie and Harvest as parties.  See Exhibit A and B.

81.     This causes the need for two defenses for only one alleged underlying debt.

82.     Hosto, Crow, and Harvest knew, or should have known based upon facts readily ascertainable to them, that pursuing a case between the same parties regarding the same alleged debt when the first case was not closed nor completed was improper; therefore their actions in filing and pursuing the second lawsuit against McKenzie violates the FDCPA.

83.     Pursuant to Rule 11 of the Arkansas Rules of Civil Procedure, by signing and submitting to the Court various pleadings, motions, and other papers, Hosto warranted to the Court that it had read the pleading, motion, or other paper, and that to the best of its knowledge, information, and belief formed after reasonable inquiry it was well grounded in fact.  In addition, Hosto and Crow also warranted to the Court that the pleading, motion, or other paper was not interposed for any improper purpose.

84.     The two warranties above are misrepresentations which violate the FDCPA.

85.     Filing both lawsuits regarding the same alleged debt when the first case was not closed nor completed is in violation of Arkansas law, constitutes impermissible debt collection practices and therefore violates the FDCPA as many times as there are inadequacies.

86.     The actions described above have caused damage to McKenzie in the form of mental anguish and distress as well as other non-economic damages.

87.     Damage to McKenzie includes attorney's fees and Court costs in both this action and in the underlying actions which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by McKenzie, all of which resulted from the actions and statements of the Hosto, Crow, and Harvest Funding.

88.     The FDCPA explicitly authorizes actions against attorneys for violations of its provisions and to that extent federal law fully and completely preempts the Arkansas laws which might otherwise shield Hosto and Crow from liability to McKenzie.

89.     Because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

D.
FDCPA: COUNT 4:
ARBITRARILY ASSERTED CLAIM VALUE BY CROW, HOSTO, AND HARVEST

90.     McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

91.     As stated herein above, there are two lawsuits regarding the same alleged debt with both McKenzie and Harvest as parties.

92.     Further, the attachments to both Complaints show that it is regarding the same alleged debt, particularly by noting the same account number, last payment, and charge off date.  See Exhibits A and B.

93.     The attachments to the Complaints titled "Harvest Credit MGMT VII" show that the last payment for the alleged debt in both cases was September 26, 2007.

94.    Yet, the Complaints filed state different balances, one of $12,611.31 and one of $12,436.27, due prior to interest after applying all payments, credits, or other offsets.  See Exhibits A and B.

95.    Even though after applying all credits and payments regarding the same alleged debt and no payment being made since allegedly September 26, 2007, in the second suit McKenzie was sued for increased amount than with the first suit.    See Exhibits A and B.

96.    Hosto, Crow, and Harvest knew, or should have known based upon facts readily ascertainable to them, that pursuing a second case between the same parties regarding the same alleged debt and arbitrarily asserting a different value of the alleged debt in the suits was improper; therefore their actions in arbitrarily asserting the alleged debt amount against McKenzie violates the FDCPA.

97.    Pursuant to Rule 11 of the Arkansas Rules of Civil Procedure, by signing and submitting to the Court various pleadings, motions, and other papers, Hosto warranted to the Court that it had read the pleading, motion, or other paper, and that to the best of its knowledge, information, and belief formed after reasonable inquiry it was well grounded in fact.  In addition, Hosto and Crow also warranted to the Court that the pleading, motion, or other paper was not interposed for any improper purpose.

98.    The two warranties above are misrepresentations which violate the FDCPA.

99.   Arbitrarily asserting the alleged debt amount against McKenzie is in violation of Arkansas law, constitutes impermissible debt collection practices and therefore violates the FDCPA as many times as there are inadequacies.

100.   The actions described above have caused damage to McKenzie in the form of mental anguish and distress as well as other non-economic damages.

101.   Damage to McKenzie includes attorney's fees and Court costs in both this action and in the underlying actions which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by McKenzie, all of which resulted from the actions and statements of the Hosto, Crow, and Harvest.

102.   The FDCPA explicitly authorizes actions against attorneys for violations of its provisions and to that extent federal law fully and completely preempts the Arkansas laws which might otherwise shield Hosto and Crow from liability to McKenzie.

103.   Because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

IV.

ABUSE OF PROCESS

A.

ABUSE OF PROCESS COUNT 1:
FILING AND PURSUING LAWSUITS WITH AN IMPROPER SUMMONS BY HARVEST

104.   McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

105.   As stated herein above, in the underlying case, the service of process was inadequate and/or unlawful as the *Summons* did not provide the proper or correct address for the Clerk of the Court as well as not providing the correct number of days to respond to the Complaint and Summons.

106.   Serving the lawsuit without a proper summons is a violation of Arkansas procedural law; the procedure protects the due process rights of McKenzie that are guaranteed by the United States Constitution and the Arkansas Constitution as codified by Rule 4 of the Arkansas Rules of Civil Procedure.

107.   Harvest served the *Summons* against McKenzie, and took action against McKenzie knowing, or with such readily ascertainable facts that they should have known of, the inadequacies and illegalities set forth above.

108.   Harvest knew or should have known, and had an affirmative duty to discover, that they had insufficient process on McKenzie in the underlying lawsuit.

109.   Harvest have committed willful acts of seeking a judgment against McKenzie by filing a claim with an improper summons not authorized by Arkansas law, and not proper in the regular conduct of litigation.

110.   Harvest knew or should have known, and had an affirmative duty to discover, that its actions constituted a violation of the FDCPA as set forth above.

111.   Harvest filed the *Complaint* against McKenzie and took action against McKenzie for the purposes of coercing or attempting to coerce McKenzie to pay a debt which McKenzie did not owe or which Harvest knew they could not, while abiding by the applicable laws, statutes and rules of court of the State of Arkansas, prove McKenzie

owed as well as for the ulterior purpose of deceiving McKenzie from filing an Answer within the timeframe allowed or sending the Answer to the proper address.

112.   In taking such actions, Harvest have used the judicial process for a purpose for which it was not designed.

113.   McKenzie incurred damages as a result of the commissions of Harvest of the tort of abuse of process in an amount to be proven at trial.

B.

ABUSE OF PROCESS COUNT 2:
FILING AND PURSUING A COMPLAINT IN AN IMPROPER COUNTY BY HARVEST

114.   McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

115.   As stated herein above, in the underlying case, venue was not proper. Both suits were brought in Lawrence County, Arkansas.   Yet McKenzie resided at the time of service and during such lawsuits in Sharp County.

116.   The correct venue for such lawsuits is in Sharp County.   By filing the suit in an incorrect venue, McKenzie was inconvenienced and prejudiced in that she was unlawfully "required" to appear and defend in a distant venue the lawsuit filed by Harvest.

117.   Further, McKenzie works in Lawrence County.   Defendants' actions are oppressive to file suit in the incorrect county where McKenzie works and is a semi-public figure.

118.   Harvest filed both lawsuits against McKenzie in an improper county, and took action against McKenzie knowing, or with such readily ascertainable facts that they should have known of, the inadequacies set forth above.

119.   Harvest knew or should have known, and had an affirmative duty to discover, that the improperness of filing and pursuing both underlying lawsuits in an improper county.

120.   Harvest has committed willful acts of having both lawsuits filed against McKenzie in Lawrence County which is not authorized by Arkansas law, and not proper in the regular conduct of litigation.

121.   Harvest knew or should have known, and had an affirmative duty to discover, that its actions constituted a violation of the FDCPA as set forth above.

122.   Harvest filed the underlying lawsuit in an improper county against McKenzie and took action against McKenzie for the purposes of coercing or attempting to coerce McKenzie to pay a debt which McKenzie did not owe, or which Harvest knew they could not, while abiding by the applicable laws, statutes and rules of court of the State of Arkansas, prove McKenzie owed as well as for the ulterior purpose of harassing McKenzie by filing suit in the incorrect county where McKenzie works and is a semi-public figure.

123.   In taking such actions, Harvest has used the judicial process for a purpose for which it was not designed.

124.   McKenzie incurred damages as a result of the commissions of Harvest of the tort of abuse of process in an amount to be proven at trial.

C.

ABUSE OF PROCESS COUNT 3:
ARBITRARILY ASSERTED CLAIM VALUE BY HARVEST

125.   McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

126.   As stated herein above, there are two lawsuits regarding the same alleged debt with both McKenzie and Harvest as parties.

127.   Further, the attachments to both Complaints show that it is regarding the same alleged debt, particularly by noting the same account number, last payment, and charge off date.  See Exhibits A and B.

128.   The attachments to the Complaints titled "Harvest Credit MGMT VII" show that the last payment for the alleged debt in both cases was September 26, 2007.

129.   Yet, the Complaints filed state different balances, one of $12,611.31 and one of $12,436.27, due prior to interest after applying all payments, credits, or other offsets.  See Exhibits A and B.

130.   Even though after applying all credits and payments regarding the same alleged debt and no payment being made since allegedly September 26, 2007, in the second suit McKenzie was sued for increased amount than with the first suit.   See Exhibits A and B.

131.   Harvest filed the underlying lawsuit against McKenzie and took action against McKenzie knowing, or with such readily ascertainable facts that they should have known of, the inadequacies and illegalities set forth above.

132.    Harvest knew or should have known, and had an affirmative duty to discover the impropriety of arbitrarily asserting a different value of the alleged debt in the underlying lawsuit.

133.    Harvest have committed willful acts by arbitrarily asserting a different value of the alleged debt in the underlying lawsuit, which is not authorized by Arkansas law, and not proper in the regular conduct of litigation.

134.    Harvest knew or should have known, and had an affirmative duty to discover, that their actions constituted a violation of the FDCPA as set forth above.

135.    Harvest filed the underlying second lawsuit arbitrarily asserting a different value of the alleged debt and took action against McKenzie for the purpose of coercing or attempting to coerce McKenzie to pay a debt which McKenzie did not owe and which it arbitrarily asserted a different value than in the first lawsuit, or which Harvest knew they could not, while abiding by the applicable laws, statutes and rules of court of the State of Arkansas, prove McKenzie owed.

136.    In taking such actions, Harvest have used the judicial process for a purpose for which it was not designed.

137.    McKenzie incurred damages as a result of the commissions of Harvest of the tort of abuse of process in an amount to be proven at trial.

V.

ARKANSAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

A.

VIOLATION OF THE ADTPA COUNT 1:
FILING AND PURSUING LAWSUITS WITH AN IMPROPER SUMMONS BY HARVEST

138.  McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

139.  In representing to the Circuit Court of Lawrence County, Arkansas, and to McKenzie, that it had proper service of process on McKenzie when the Summons was actually improper, Harvest engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

140.  Harvest engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Circuit Court of Lawrence County, Arkansas, and/or to McKenzie, are not grounded in any actual law, but instead hold-over representations of a law that was changed and that all attorneys knew or should have known at the time that service was had.

141.  In taking the actions as set forth above, Harvest has engaged in unconscionable, false, and/or deceptive acts or practices against McKenzie, in violation of Ark. Code Ann. § 4-88-107(a)(10).

142.  McKenzie suffered damages in the form of attorney's fees paid in connection with the underlying case, this case, and costs, specifically related to the deficient *Summons*.

143.  McKenzie is entitled to recover damages and a reasonable attorney's fee for

every such violation pursuant to Ark. Code Ann. § 4-88-113(10).

144. The behavior of Harvest as stated above is a violation of the Arkansas Deceptive Trade Practices Act as codified at Ark. Code Ann. § 4-88-107(a)(10).

B.

<u>VIOLATION OF THE ADTPA COUNT 2:</u>
<u>FILING AND PURSUING A LAWSUIT IN A FOREIGN CORPORATION PARTY'S NAME THAT DOES NOT HAVE A CERTIFICATE OF AUTHORITY</u>

145. McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

146. In representing to the Circuit Court of Lawrence County, Arkansas, and to McKenzie, that it was proper for Harvest, who is now and was at all relevant times hereto "a foreign corporation transacting business in this state without a certificate of authority" within the meaning of Ark. Code Ann. § 4-27-1502(a), to pursue a lawsuit against McKenzie, Harvest engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

147. Harvest engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Circuit Court of Lawrence County, Arkansas, and/or to McKenzie, are not grounded in actual law.

148. Defendant brought suit against McKenzie in Arkansas, yet Harvest has no certificate of authority in Arkansas as stated above.

149. So even though Defendant brought suit against McKenzie in Arkansas, Harvest has no one that is registered to accept service in Arkansas for McKenzie to serve

Harvest with this lawsuit.

150. In taking the actions as set forth above, Harvest have engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

151. McKenzie suffered damages in the form of attorney's fees paid in connection with the underlying case, this case and costs, specifically related to the failure of Harvest to be registered in the State of Arkansas.

152. McKenzie is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(10).

153. The behavior of Harvest as stated above is a violation of the Arkansas Deceptive Trade Practices Act as codified at Ark. Code Ann. § 4-88-107(a)(10).

C.

VIOLATION OF THE ADTPA COUNT 3:
FILING AND PURSUING A SECOND LAWSUIT REGARDING THE SAME ALLEGED
DEBT WITH THE SAME PARTIES BY HARVEST

154. McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

155. In representing to the Circuit Court of Lawrence County, Arkansas, and to McKenzie, that it was proper to file the second lawsuit, case number CV-2011-60, when there was an open case regarding the same alleged debt with both McKenzie and Harvest as parties, Harvest engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

156. Harvest engaged in false and deceptive acts within the meaning of Ark. Code

Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Circuit Court of Lawrence County, Arkansas, and/or to McKenzie, are not grounded in actual law.

157.   In taking the actions as set forth above, Harvest have engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

158.   McKenzie suffered damages in the form of attorney's fees paid in connection with the underlying case, this case and costs, specifically related to the fact that the case was duplicative to another case still pending between the parties.

159.   McKenzie is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(10).

160.   The behavior of Harvest as stated above is a violation of the Arkansas Deceptive Trade Practices Act as codified at Ark. Code Ann. § 4-88-107(a)(10).

D.

## VIOLATION OF THE ADTPA COUNT 4:
## ARBITRARILY ASSERTED CLAIM VALUE BY HARVEST

161.   McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

162.   In representing to the Circuit Court of Lawrence County, Arkansas, and to McKenzie, that it was proper to file the underlying second lawsuit arbitrarily asserting a different value of the alleged debt, Harvest engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

163.   Harvest engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Circuit Court of Lawrence County, Arkansas, and/or to McKenzie, are not grounded in actual law.

164.   In taking the actions as set forth above, Harvest has engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

165.   McKenzie suffered damages in the form of attorney's fees paid in connection with the underlying case, this case and costs, specifically related to the changed (increased) value of the asserted claim.

166.   McKenzie is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(10).

167.   The behavior of Harvest as stated above is a violation of the Arkansas Deceptive Trade Practices Act as codified at Ark. Code Ann. § 4-88-107(a)(10).

VI.

CIVIL CONSPIRACY

168.   McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

169.   In taking the actions as set forth above, Harvest engaged in a civil conspiracy with Crow and Hosto in filing, pursuing, and otherwise acting on the underlying lawsuit against McKenzie, or otherwise in their attempt to collect the alleged debt.

170.    In agreeing to assist, and then taking numerous steps in furtherance of their agreements with each other, Harvest has engaged in a civil conspiracy with Hosto and Crow.

171.    The civil conspiracy committed by Harvest resulted in damage to McKenzie as has been previously set forth herein—the fees in connection with obtaining representation in the underlying lawsuit.

VII.

PUNITIVE DAMAGES

172.    McKenzie re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

173.    The actions of Harvest described above in bringing the suit in an improper venue, with an improper Summons, and filing not one, but two different lawsuits regarding the same alleged debt with the underlying second lawsuit arbitrarily asserting a different value of the alleged debt, that in both suits McKenzie was being sued by Harvest, who is now and was at all relevant times hereto "a foreign corporation transacting business in this state without a certificate of authority, with an inadequate Complaint were done by Harvest when Harvest, as set out above, knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damages and that Harvest, as set out above, continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred.

174.    Additionally, it can be inferred that Harvest, as set out above, intentionally

pursued a course of conduct for the purpose of causing injury or damage.

175.   McKenzie has been damaged by Harvest's conduct, as set out above, not only economically, including her attorney fees and costs, but also Harvest has caused mental and emotional anguish.

176.   In addition to the compensatory damages for the actual losses sustained by McKenzie, and because the conduct of the Harvest, as set out above,  were intentional, willful, wanton, reckless and done with conscious indifference to the consequences, McKenzie is entitled to punitive damages.

VIII.

DEMAND FOR JURY TRIAL

177.   McKenzie is entitled a trial by jury consisting of a few of the good people of the State of Arkansas.

WHEREFORE, premises considered, Plaintiff Lori A. McKenzie respectfully requests that Defendants Hosto, Crow, and Harvest each and all be summoned to appear and answer herein; for judgment in an amount to be proved at trial, such judgment consisting of compensatory and punitive damages; a jury trial; and for attorney's fees and all court costs incurred herein; and for all other good and proper relief to which she may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**PLAINTIFF LORI A. MCKENZIE**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, STE 400
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Cheslee Mahan
Ark. Bar No. 2009251
cheslee@sanfordlawfirm.com

and

BY:     /s/Josh Sanford_____
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com